IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

___

**UNITED STATES ROLLER**
**WORKS, INC.,**

    **Plaintiff,**

**v.**                                                **No. _____**
                                                           **JURY DEMANDED**

**STATE AUTO PROPERTY**
**& CASUALTY INSURANCE**
**COMPANY,**

    **Defendant.**

___

## COMPLAINT
___

COMES NOW the Plaintiff, United States Roller Works, Inc., and for its Complaint against State Auto Property & Casualty Insurance Company would state and show as follows:

### PARTIES AND JURISDICTION

1. United States Roller Works, Inc. ("Plaintiff") is a corporation formed under the laws of the State of Tennessee, with its principal place of business located at 1901 Elm Hill Pike, Davidson County, Nashville, Tennessee (the "Insured Premises").

2. State Auto Property & Casualty Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including Davidson County, Tennessee. Defendant's principal place of business is located at Columbus, Ohio.

3. This Complaint originates as the result of a storm event that damaged the improvements and other property located at the Insured Premises, and Defendant's wrongful failure and refusal to fully pay Plaintiff for the insured losses it sustained.

1

4. Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332 and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**FACTS**

5. At all times relevant hereto, Plaintiff was an insured policyholder pursuant to an insurance contract whereby Defendant agreed to insure the Insured Premises against property damage, being Policy No. BOP 2782200 01 (the "Policy"). The Policy is attached hereto as Exhibit "A" and is incorporated herein by reference as if set forth verbatim. As relevant hereto, the term of the Policy was January 1, 2015 to January 1, 2016.

6. At all times relevant hereto, the Insured Premises consisted of a commercial structure with a low slope roof and surrounding area.

7. The Policy provided insurance coverage for loss or damage to the building located on the Insured Premises.

8. The Policy is an "all risk" policy, which means that it provides insurance coverage for all direct physical loss to covered property unless the loss is specifically excluded or limited by the Policy.

9. The Policy's coverage for the buildings and structures on the Insured Premises was on a "replacement cost" valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

10. Pursuant to the Policy and at all times relevant to this Complaint, Plaintiff paid a premium to Defendant in exchange for insurance coverage as set forth in the Policy. Plaintiff paid the required premiums at all times relevant to this Complaint.

11. On or about July 28, 2015, a severe storm event with high winds struck the Insured Premises, causing substantial damage to the commercial building located on the Insured Premises

(the "Loss"). As a result of the Loss, the building located on the Insured Premises suffered immediate and direct physical loss, including but not limited to, damage to the roof and associated interior water damage.

12. Prior to the Loss, the roof of the building at the Insured Premises had no defects and was well-maintained. The roof was in good condition prior to the Loss, and there were no signs of systematic failure or deficiencies that would be typical of a roof that had reached the end of its service life.

13. The damage caused by the Loss to the roof on the Insured Premises was typical of damage sustained to many roofs in the area during the July 28, 2015 storm event.

14. Plaintiff took immediate action to mitigate its losses, and promptly reported the Loss to Defendant.

15. The Policy was in full force and effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

16. After the Loss, Plaintiff fulfilled all duties imposed upon it by the Policy.

17. Despite the fact that Plaintiff has fulfilled all duties imposed upon it by Defendant and is at no fault in this matter, Defendant has wrongfully denied and refused to fully and promptly pay Plaintiff's claim for insurance proceeds.

18. There is no reasonable coverage dispute or other justifiable reason for Defendant's refusal to pay Plaintiff's claim associated with the damage to the roof.

19. Defendant's refusal to timely pay Plaintiff the amount owed it pursuant to the Policy is without justification.

20. Defendant's refusal to pay the money and benefits due and owing Plaintiff under the Policy has caused it to initiate this lawsuit to recover the insurance proceeds to which it is entitled.

21. As a direct and proximate cause of Defendant's actions/inactions, Plaintiff has sustained substantial compensable losses, including all amounts due Plaintiff under the Policy and other such costs and expenses incurred as a result of Defendant's wrongful conduct.

## CAUSES OF ACTION

### Count I – Breach of Contract (against Defendant)

22. The allegations contained in paragraphs 1-21 of this First Amended Complaint are incorporated herein by reference, as if set forth verbatim.

23. The Policy is a binding contract and is supported by valid consideration.

24. Defendant is in total, material breach of the Policy, and Defendant is liable to Plaintiff under the Policy for the Loss. Specifically, Defendant breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy.

25. As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the Insured Premises and temporary repairs, as well as consequential damages, plus interest thereon.

26. Defendant's actions and breaches have further caused Plaintiff great and substantial harm due to the fact that it has been unable to replace much of the damage caused by the Loss as a result of the financial hardship unduly placed upon it as a direct and proximate result of Defendant's failure to pay Plaintiff the proper amounts as required by the Policy.

27. Plaintiff has mitigated its losses to the extent possible.

28. Defendant is liable to Plaintiff for its losses.

29. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) refused and failed to obtain all reasonably available information before denying Plaintiff's claim; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (6) failed to treat Plaintiff's interests equal to that of its own; (7) failed to promptly provide Plaintiff with a reasonable explanation for its refusal to fully pay Plaintiff's claim; (8) failed to pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (9) offered Plaintiff substantially less than the amount actually owed in an effort to deprive Plaintiff of its rights under the Policy; (10) utilized biased "experts" that were outcome driven toward avoiding coverage; and (11) engaged in such other acts toward Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the duties owed to Plaintiff. Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to fully compensate Plaintiff for its losses, and withheld monies

5

and benefits rightfully due Plaintiff. In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished. Defendant seeks, and is entitled to, punitive damages.

**Count II – Statutory Bad Faith**

30. The allegations contained in paragraphs 1 through 29 of this First Amended Complaint are incorporated by reference as if set forth verbatim herein.

31. Defendant's refusal and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Defendant and full payment has not been made for the Loss as required pursuant to the Policy for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

32. The bad faith of Defendant is evidenced by the fact that, at all times material hereto, Defendant knew, or reasonably should have known that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy and as otherwise promised and represented by Defendant, as well as the actions of Defendant as set forth in paragraph 33 below and 29 above. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to pay in full Plaintiff's valid claim and withheld monies and benefits rightfully due to Plaintiff.

33. Defendant's bad faith is evidenced by all of the facts and allegations set forth above in this First Amended Complaint, together with the following:

    a. Defendant's intentional failure to fully inform Plaintiff of its rights and obligations under the Policy;

b. Defendant's intentional failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when liability was reasonably clear;

c. Defendant's intentional refusal to pay Plaintiff's claim in full and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

d. Defendant's intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before alleging that it had no further obligations to Plaintiff;

e. Defendant's failure to promptly provide Plaintiff with a reasonable and accurate explanation for its refusal to pay its claim in full;

f. Defendant's intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff fully for its losses;

g. Defendant's intentional failure to pay all amounts due and owing to Plaintiff under the Policy with no reasonable or justifiable basis; and

h. Defendant's unjustified refusal to pay Plaintiff's claim for its own financial preservation.

34. In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished via the twenty-five percent (25%) bad faith penalty authorized by statute.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that proper process be issued and served on Defendant requiring it to answer or otherwise respond in the time period allotted by law, and that this Honorable Court award judgment against Defendant as follows:

A. For compensatory damages not to exceed $850,000.00;

B. For punitive damages not to exceed $5,000,000.00;

C. For a statutory bad faith penalty of twenty-five percent (25%);

D. For all costs incurred as a result of this action;

E. For pre- and post-judgment and interest; and

F. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury of its peers.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC


*s/ J. Brandon McWherter*
J. BRANDON McWHERTER #21600
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
(615) 354-1144
bmcwherter@gilbertfirm.com

CLINTON H. SCOTT #23008
101 North Highland Ave.
Jackson, Tennessee 38301
(731) 664-1340
cscott@gilbertfirm.com

*Attorneys for Plaintiff*