# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES ROLLER WORKS, INC., ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **STATE AUTO PROPERTY &** ) <br> **CASUALTY INSURANCE COMPANY,** ) <br> ) <br> **Defendant.** ) | Case No. 3:16-cv-2827 <br> Judge Aleta A. Trauger |

## MEMORANDUM AND ORDER

State Auto Property & Casualty Insurance Company ("State Auto") has objected to the admission of an exhibit, offered by United States Roller Works, Inc. ("U.S. Roller"), that consists of a copy of State Auto's claim handling manual. (Docket No. 83.) U.S. Roller has filed a Response (Docket No. 87), and State Auto has filed a Reply (Docket No. 90). For the reasons set out herein, State Auto's objection will be overruled.

State Auto argues that the manual is not incorporated into the insurance contract between State Auto and U.S. Roller and is therefore not binding on State Auto and is irrelevant to U.S. Roller's claims. U.S. Roller responds that it does not intend to argue that the manual constitutes a binding obligation between State Auto and U.S. Roller, but rather wishes to offer the manual as evidence on the issues of bad faith and punitive damages. U.S. Roller also argues that State Auto has waived its objection by failing to raise that objection in the parties' proposed pretrial order.

In the court's February 17, 2017 Order Setting Case for Trial, the parties were ordered to include, in their joint pretrial order, "a listing of known evidentiary disputes." (Docket No. 16 at 2.) On May 11, 2018, the parties filed their Proposed Joint Pretrial Order, which included several

pages of expected evidentiary disputes, but which did not include any objection by State Auto regarding the admission of its claims manual. (Docket No. 61 at 5–9.) U.S. Roller maintains (and State Auto does not appear to dispute) that it had produced a copy of the manual to State Auto as a trial exhibit prior to the filing of the Proposed Joint Pretrial Order. (Docket No. 87 at 3.) State Auto's objection, therefore, appears to be waived.[1] Even if the objection were timely, however, the court would conclude that the manual is admissible.

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," if "the fact is of consequence in determining the action." It is well-settled that, even in a case where a party's non-binding internal policies are not categorically determinative of liability, those policies may nevertheless be admitted into evidence if they are relevant to a contested material fact and not otherwise inadmissible. *See, e.g.*, *Patterson v. Mercy St. Charles Hosp.*, No. 3:13CV1290, 2016 WL 5339500, at *4 (N.D. Ohio Sept. 23, 2016) (noting that the defendant's explanation for its actions was "dubious in light of [its] failure to follow its own policies").

U.S. Roller alleges bad faith refusal to pay on an insurance policy pursuant to Tenn. Code Ann. § 56-7-105, which requires a plaintiff to demonstrate "(1) that the insurance policy, by its terms, became due and payable; (2) that a formal demand for payment was made; (3) that [the insured] waited sixty days after making demand before filing suit; and (4) that [the insurer's] refusal to pay was not in good faith." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 378 (6th Cir. 2007) (quoting *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct.

---

[1] State Auto suggests that the court already orally ruled in its favor on this issue in the pretrial conference of May 30, 2018. (Docket No. 83 at 2.) Based on the court's recollection and notes, that is not the case. In the context of discussing objections to portions of depositions, the court confirmed that U.S. Roller would not be permitted to argue that a departure from State Auto's policies was, in and of itself, enough to establish bad faith. Whether State Auto's policies are admissible at all, however, is a separate question. Insofar as the court's discussion during the pretrial conference may explain State Auto's failure to file a fresh objection, it is of no consequence, because the court would overrule the objection regardless.

App. 1986)). Key to the question of bad faith is whether an insurer's delay or refusal to pay can be attributed to something "other than a genuine dispute as to the value" of the insured's claim. *Murphy v. Allstate Indem. Co.*, No. 1:13-CV-108, 2014 WL 1024165, at *5 (E.D. Tenn. Mar. 17, 2014); *see also Bard's Apparel Mfg., Inc. v. Bituminous Fire & Marine Ins. Co.*, 849 F.2d 245, 249 (6th Cir. 1988). A jury, therefore, is likely to benefit from any evidence that will help it develop a fuller understanding of the insurer's decision making process.

If, for example, an insurer claims that a dispute existed with regard to the valuation of a certain injury, but its actions are inconsistent with its own procedures for dealing with disputes of the type alleged, a reasonable juror could consider that inconsistency as suggestive of—though not, necessarily, conclusive evidence of—bad faith. Similarly, "if [an insurer's] policies, manuals, and training materials contain guidelines that are consistent with industry standards, then non-compliance may be evidence of bad faith." *Hayas v. GEICO Gen. Ins., Co.*, No. 8:13-CV-1432-T-33AEP, 2014 WL 5590808, at *9 (M.D. Fla. Nov. 3, 2014) (citing *Altheim v. GEICO Gen. Ins. Co.*, No. 8:10-CV-156-T-24TBM, 2011 WL 1429735, at *5 (M.D. Fla. April 14, 2011)); *see also U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 1454008, at *9 (E.D. Mich. April 26, 2012) ("[A]n insurance company's internal claims manual or claims processing guidelines may contain information relevant to . . . the company's course of dealing or insurance industry practice.").

Although the parties have been unable to identify any cases dealing directly with the admissibility of an insurer's claims manual under the Tennessee bad faith statute, the underlying issue closely mirrors one of the paradigmatic situations in which a failure to follow one's own policies may be probative—the consideration of pretext in an employment case. *See, e.g.*, *Patterson*, 2016 WL 5339500, at *5 (holding that failure to follow company's own policies for

reductions in force was evidence of pretext); *Marshall v. Belmont Cty. Bd. of Comm'rs*, 110 F. Supp. 3d 780, 791 (S.D. Ohio 2015) (citing *DeBoer v. Musashi Auto Parts, Inc.*, 124 F. App'x 387, 394 (6th Cir. 2005)) (recognizing that an employer's departure from its policies can be evidence supportive of pretext), *aff'd*, 634 F. App'x 574 (6th Cir. 2016); *Norton v. LTCH*, 620 F. App'x 408, 412 (6th Cir. 2015) (same). In both situations, a defendant has proffered an ostensible reason for its actions, and, in both situations, the plaintiff disputes that the reason is genuine. Just as an employer's internal policies may shed light on whether its proffered reason was pretextual, so may an insurer's policies shed light on whether its claimed reason actually accounts for its failure to pay.

The Tennessee Court of Appeals has held that an insurer's imposing an onerous restriction on an insured's claim, where there was no basis for that restriction in the insurance policy itself, was evidence of bad faith. *See Minton v. Tenn. Farmers Mut. Ins. Co.*, 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992). The same analysis would apply—if not more so—when the insurer's actions were justified by *neither* the policy itself *nor* the insurer's internal procedures. It is relevant to the plaintiff's claim of bad faith if the insurer has erected obstacles that are not justified by its own policies—just as it would be relevant to an insurer's defense if it could point to some longstanding internal rule to justify its actions.

For the same reasons, State Auto's policies are relevant to the issue of punitive damages. "To recover punitive damages [in a contract case], the trier of fact must find that a defendant acted either intentionally, fraudulently, maliciously, or recklessly." *Riad v. Erie Ins. Exch.*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013) (citing *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992)). Generally speaking, "[a] company's failure to adhere to its own policies . . . is insufficient to demonstrate the actual malice required for punitive damages." *Ross v. Home*

*Depot USA Inc.*, No. 2:12-CV-743, 2014 WL 4748434, at *4 (S.D. Ohio Sept. 23, 2014). Merely being insufficient, however, does not mean that the policies will not provide crucial context. The average lay juror is likely to come to a case with very little basis for evaluating how an insurer should behave in any particular situation. The insurer's policies are one source on which they should be permitted to rely. Insofar as the presentation of the claims manual poses a risk of jurors' mistakenly assuming that a violation of the manual is categorical evidence of malice or bad faith, the court can prevent such a misreading by way of an appropriate instruction to the jury. *See Bannon v. GEICO Gen. Ins. Co.*, No. 15-22524-CIV, 2017 WL 6388933, at *4–5 (S.D. Fla. Aug. 22, 2017).

For the foregoing reasons, State Auto's objection is **OVERRULED**.

It is so **ORDERED**.

ENTER this 28th day of August 2018.

_____
ALETA A. TRAUGER
United States District Judge